■ In the Matter of the Claim of THOMAS C. KUEHN, Appellant. AMERICAN TELEVISION & COMMUNICATIONS CORPORATION, Respondent; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Casey, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 18, 1989, as amended by decision filed October 10, 1990, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked for the employer from March 2, 1987 to October 3, 1988 as an advertising account executive. Up to four or five months before his discharge, claimant was a steady, competent and satisfactory employee. At that time, his job performance took a downward turn. He missed ‘ appointments, lost deals and misplaced important material. He was warned about his deteriorating performance and told the employer it was due to "personal problems at home". When the employer lost money and prestige due to claimant's mishandling and neglect of certain incidents involving clients, the

employer set up an appointment for a serious talk and written warning with claimant. Claimant missed the appointment and was discharged.

Claimant now admits that he began experimenting with cocaine at the time his work began to deteriorate, that he went from a recreational user to "becoming hooked", and went from "snorting" to "free basing", but never told his employer. Six weeks after his discharge from employment claimant admitted himself to a detoxification unit and at the time of his unemployment insurance hearing claimed he was drug free and firmly committed to rehabilitation.

The Unemployment Insurance Appeal Board adopted the findings of the Administrative Law Judge and decided that claimant was disqualified from receiving benefits due to his misconduct. Since claimant misled his employer as to the reason for his poor job performance by claiming "personal problems" instead of "substance abuse", we find that substantial evidence supports the Board's decision.

Weiss, Mikoll, Levine and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.